# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JODI TIAHRT,<br><br>    Plaintiff(s),<br><br>v.<br><br>ARIA RESORT & CASINO, LLC, et al.,<br><br>    Defendant(s). | Case No. 2:22-cv-02017-JAD-NJK<br><br>**Order**<br><br>[Docket No. 22] |

Pending before the Court is Defendants'[1] motion to stay discovery pending resolution of their motion to dismiss. Docket No. 22.[2] Plaintiff filed a response in opposition. Docket No. 27. Defendants filed a reply. Docket No. 37. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to stay discovery is **GRANTED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay of discovery bears the burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive; (2) the potentially dispositive

---

[1] This motion was filed on behalf of Defendants Aria, Hornbuckle, and Nikodemus, who are also the Defendants who filed the underlying motion to dismiss. The Court limits its analysis herein to these particular defendants. *Cf. White v. Am. Tobacco Co.*, 125 F.R.D. 508, 510 (D. Nev. 1989).

[2] The motion to dismiss has been fully briefed. Docket No. 16 (motion); Docket No. 21 (response); Docket No. 23 (reply).

1

motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

The Court agrees with Defendants that these elements are present here. The motion is potentially dispositive with respect to Defendants Aria, Hornbuckle, and Nikodemus,[3] and the underlying motion may be decided without discovery. Moreover, the Court is convinced by the arguments presented in the motion to dismiss that Plaintiff will be unable to state a claim. *See, e.g.*, *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985) (addressing LMRA preemption of state law claims).[4]

Accordingly, the Court **GRANTS** the motion to stay discovery pending resolution of Defendants' motion to dismiss. In the event the underlying motion to dismiss is not granted in full, a joint status report or joint discovery plan must be filed within 14 days of the resolution of the motion to dismiss.

IT IS SO ORDERED.

Dated: February 16, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The underlying motion "must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought." *Tradebay*, 278 F.R.D. at 602.

[4] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motion to dismiss and may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of the motion to dismiss is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motion and subsequent briefing.